UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEWAYNE MOORE, individually, and as Code Enforcement Inspector for the City of Fresno; CITY OF FRESNO, a City or Municipality; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 1:24-cv-00226-JLT-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 20) |

Dean Murphy, proceeding *pro se*, initiated this action against Dewayne Moore and the City of Fresno (the "City") (collectively, "Defendants") by filing a complaint on February 21, 2024. (Doc. 1) Defendants moved to dismiss (Doc. 11) the operative First Amended Complaint (Doc. 9) on June 13, 2024. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 13)

On September 30, 2024, the assigned magistrate judge issued findings and recommendations recommending the Court: (1) grant Plaintiff's request for leave to file a late opposition; (2) grant both parties' requests for judicial notice; (3) grant Defendants' motion to dismiss in part and deny it in part, with leave to amend some claims; and (4) grant Defendants' motion to strike in part and deny it in part. (Doc. 20) The Court advised the parties that any

1

objections to the Findings and Recommendations were to be filed within 21 days of service.  (*See* Doc. 21)  The parties were informed that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (Doc. 20 at 26, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014))  No objections were filed, and the time to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.  Accordingly,

1. The findings and recommendations issued on September 30, 2024 (Doc. 20) are **ADOPTED IN FULL**.
2. Defendant's Motion and Request for Leave to File a Late Opposition (Doc. 17) is **GRANTED**.
3. Both parties' requests for judicial notice (Docs. 11, 18) are **GRANTED**.
4. Defendants' Motion to Dismiss (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**, as follows:
    a. Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claims under Article 1, sections 2, 7, and 13 of the California Constitution, and those claims are **DISMISSED WITHOUT LEAVE TO AMEND**;
    b. Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claim under Article 1, section 19 of the California Constitution and Plaintiff's § 1983 due process claim, and those claims are **DISMISSED WITH LEAVE TO AMEND**; and
    c. Defendants' Motion to Dismiss is **DENIED** regarding Plaintiff's claim under the Bane Act and the § 1983 claim based on the First and Fourth Amendments.
5. Defendants' Motion to Strike (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**, as follows:
    a. Defendants' Motion to Strike is **GRANTED** as to references to the Fifth

        Amendment in Plaintiff's First Claim for Relief and Plaintiff's request for treble damages; and

    b.    Defendants' Motion to Strike is **DENIED** as to references to the Fifth Amendment in Plaintiff's Third Claim for Relief and Plaintiff's request for attorney's fees.

6.    Within 21 days, Plaintiff may file a Second Amended Complaint.  Failure to timely file an amended Complaint indicates to the Court that Plaintiff wishes to continue litigation based on his current Complaint.

IT IS SO ORDERED.

Dated:   **October 31, 2024**                              /s/ Jennifer L. Thurston
                                                                                         UNITED STATES DISTRICT JUDGE